Nash, J.
 

 This action is in assumpsit, to recover from the defendant the price of a mule, purchased by one Lee, who is since dead, from the plaintiff, for the use of a firm consisting of said Lee and the defendant. The copart-nership was admitted, and was entered into for the purchase and sale of negroes, horses, cotton and tobacco — To prove that the' mule in question was purchased for the use of the firm, the declarations of Lee were admitted in evidence. These declarations were, that he had bought a mule from the plaintiff, and at a subsequent time, when the mule was brought home, he stated that he had bought it for the use of the firm. The latter declaration was objected to by the defendant and ruled out by the Court.
 

 The sole question now submitted is, as to the correctness of this opinion. It is a general rule of the law of evidence, that the acknowledgment of one joint contrac
 
 *284
 
 tor or partner, is evidence against all the rest, and sufficient to bind them. The principle, upon which such evidence is admissible, is the community of interest between the party making the admissions and the party to be affected by them, and the presumption, that the former would not make an acknowledgement against his own interest.
 
 2nd Star, on Ev.
 
 26
 
 and 563.
 
 If, therefore, it appears that it is the interest of the party, making the admission, to throw the burden of the contract on the firm,his acknowledgement cannot be received upon the well known rule, that interest in a cause will exclude a witness. The mule in this case was purchased by Lee, without, at the time, disclosing the fact (if it was so) that the contract was made for the firm. This conclusion necessarily results from other parts of the case. It is true, from the very constitution of a partnership, a presumption arises, that each partner is an authorised agent for the rest, in contracts relating to the subject matter of the partnership. But this relationship does not deprive either party of the liberty of making contracts for himself in similar matters. Thus, if A. and B. constitute a firm to merchandise goods, either of them, unless it is forbidden in the articles, is at liberty to enter into the same business at the same place on his own account. In this case, the first declaration of Lee is, that he had purchased the mule, without more. The legal presumption is, that when a person purchases a thing, he' purchases it for himself. In such case, the vendor, in order to charge another person as a partner, must show the purchase was made for the firm or that it went to their use,—
 
 Swann
 
 v.
 
 Heald,
 
 7 East. 209, Now, as before stated, from the case it appears, that Lee did not, at the time of the contract, mention the name of the defendant. The entire obligation of the contract, as far as this question is concerned, rested upon him. Shall he be permitted, by his own declaration, to throw upon the defendant a
 
 *285
 
 burthen, which was originally his alone ? In other words, has he nota direct interest in lessening his own responsibility ? If so, the presumption, upon which the rule rests, as to the admission of the declaration of ohe parner to bind another, is taken away. This does not conflict with the principle, that each partner may by his act and declaration bind his copartner, in all transactions relative to the subject matter of the copartnership, but extends only to the evidence required to show that responsibility.
 

 It is believed, the declarations of Lee were not competent evidence to prove the fact, for which they were offered.
 

 Per Curiam. Judgment affirmed.